UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNTED STATES OF AMERICA, | Case No. 2:12-cr-355-APG-VCF |
| Plaintiff, | **ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE** |
| v. | |
| STEVEN MATTHEW FERNANDES, | (Dkt. #54) |
| Defendant. | |

Defendant Steven Fernandes moves to terminate his supervised release early. (Dkt. #54.) The United States Attorney opposes. (Dkt. #56.)

Modification of supervised release is governed by 18 U.S.C. § 3583(e). Under that statute, I first must consider "the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." Mr. Fernandes was convicted of possession of unregistered firearms. (Dkt. #53.) Obviously this is a serious crime that warrants punishment. He was sentenced to 18 months in custody and three years of supervised release. (*Id.*) As of today, he has served less than two years of supervised release. (Dkt. #54.) At the time of sentencing, I was troubled by the outrageous statements Mr. Fernandes made in connection with the offense, his bringing a weapon to his workplace parking lot, and his manufacturing of explosives. Mr. Fernandes has disavowed those statements, but I remain troubled by them and there remains a need to protect the public from future similar actions.

After examining the section 3553 factors, I may terminate supervised release "if [I am] satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

With regard to Mr. Fernandes's conduct, by all accounts he has properly performed while on supervised release, complying with all requirements and maintaining employment. He appears to satisfy some of the factors set forth in The Judicial Conference on Criminal Law's Monograph 109, *Supervision of Federal Offenders* § 380.10(b)(1)–(9). I applaud and encourage his continued efforts. However, "[m]ere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination." *United States v. Grossi*, No. CR-04-40127 DLJ, 2011 WL 704364, at *2 (N.D. Cal. Feb. 18, 2011) (citations omitted).

> [E]ven perfect compliance with conditions of release does not qualify as "exceptionally good behavior" warranting early termination. . . . "Model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.". . . In *United States v. Medina*, the court found that though defendant's "post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule." 17 F.Supp.2d 245, 247 (S.D.N.Y. 1998). Therefore, a defendant must show something "of an unusual or extraordinary nature" in addition to full compliance.

*United States v. Etheridge*, 999 F. Supp. 2d 192, 196 (D.D.C. 2013) (citations omitted). No such unusual or extraordinary circumstance has been shown here.

Mr. Fernandes's request for early termination is based primarily on his desire to join the military. This falls under the second factor of 18 U.S.C. § 3583(e)(1): "the interest of justice." In both *Etheridge* and *United States v. Harris*, the defendants were granted early termination of supervised release because their jobs would be in jeopardy if they could not travel abroad. *Etheridge*, 999 F.Supp.2d. at 198; *United States v. Harris,* 689 F.Supp.2d 692, 695 (S.D.N.Y. 2010). Mr. Fernandes is not facing the possible loss of a job if supervised release is not terminated early. Rather, he seeks to pursue a potentially better career in the military. While I encourage Mr. Fernandes to serve our country and to continue improving his economic condition, the interests of justice favor having him complete the entire term of his supervised release.

The present circumstances do not justify early termination of supervised release. Therefore, the defendant's request **(Dkt. #54) is DENIED.**

DATED this 2nd day of March, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE